# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-1136V
### Filed: March 24, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ANDREW ELEFANT, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Claudia Gangi, U.S. Department of Justice, Washington, DC, for respondent.*


## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 7, 2015, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that he suffered a shoulder injury caused in fact by his September 11, 2014 influenza vaccination. Petition at 1. On January 22, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 14).

On February 16, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 18). Petitioner requests attorneys' fees in the amount of **$15,045.00** and attorneys' costs in the amount of **$862.48** for a total amount of **$15,907.48**. *Id.* at ¶ 4.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.*

On March 3, 2016, respondent filed a response to petitioner's motion.  (ECF No. 19).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00  to $14,000.00" but provides no basis or explanation for how she arrived at this proposed range.  *Id.* at 3.

On March 14, 2016, petitioner filed a reply.  (ECF No. 20).  Petitioner argues that respondent "fails to specifically identify any deficiencies, unreasonableness, or billing issues" (*id.* at 3) and provides only "a self-serving estimation of what the Respondent believes the range for fees and costs in this type of case should be" (*id.* at 2).  Petitioner includes a list of the attorneys' fees and costs awarded petitioner's counsel since 2014. *Id.* at 4-5.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests additional attorneys' fees in the amount of $1,020.00 (representing four hours of time) for preparing the reply.  *Id.* at 6, 6 n.2.  Petitioner has not, however, provided specific billing entries describing how this time was expended. Because petitioner's counsel has filed a near-identical reply in other SPU cases, the undersigned does not find the number of hours requested for the preparation of the reply brief to be reasonable in this case.[3]  The undersigned reduces the requested hours to one hour and awards an additional **$255.00** for the preparation of petitioner's reply brief.  Thus, the total amount awarded for attorneys' fees and costs is **$16,162.48**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,162.48[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Maximillian Muller.**

---

[3] In future cases counsel may be required to substantiate similar requests with detailed billing records.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Chief Special Master

---

be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.